I an unable to concur in full with the opinion of Chief Justice CARR. Fundamentally I am of a different mind because I cannot agree with his conclusion: "We hold that the State school district sought to be created by this act (Act No. 331, Pub. Acts 1947) is not a `school district' within the meaning of the term as used in article 10, § 23 of the Constitution (the 1946 constitutional amendment)."
I find no difficulty in concluding that the legislature has the right to create State agencies which have the power to function state-wide. This has *Page 457 
been done in instances too numerous to mention, for example, the State highway department, the State tax commission, et cetera. Nor is that conclusion disturbed by the fact that in the instant case the State agency is designated as a "State school district," merely because the territorial extent of our school agencies have been and are commonly designated as districts. "District" (notwithstanding dictionary definitions, which should not be too rigidly followed in matters of this kind) is not always "a division of territory." For example, there is no division of territory in the District of Columbia except in the general sense that it is territorially a part of the United States the same as each of the various states of the Union. The district represented by our representatives-at-large in Congress consists of the entire State of Michigan. Further, the dictionary definition quoted in the opinion of the Chief Justice falls far short of specifically denoting that a "school district" may not be Statewide. There seems to be no good reason why the creating power may not define the area in which its agency operates as coextensive with that of the creating power.
I cannot conclude that in adopting the pertinent constitutional provision, the people were motivated by an assumption that the legislature did not have the power, if it saw fit, to thereafter revamp the school districts of the State if in its wisdom it seemed best for carrying on most efficiently for the State as a whole its educational undertakings. And I do not find in our Constitution any such limitation on the power of the legislature. It follows that the right to alter the existing school districts or to create new districts within the State is vested in the legislative branch of the State government; and that power was not restricted or otherwise altered *Page 458 
by the adoption of the 1946 constitutional amendment.
In the opinion of the Chief Justice it is said: "It should be noted, also, that under Act No. 331 (Pub. Acts 1947) the State school district is not vested with the powers and duties of the character commonly delegated to school districts." Even so, clearly the provisions in the cited act for "a State school district" pertain to the over-all educational activity of the State and to a phase of State education urgently demanded by public welfare. The Constitution provides that institutions for the benefit of the deaf, dumb and blind "shall always be fostered and supported." See Michigan Constitution 1908, art. 11, § 15. The fact that the manner provided in the statute for carrying on the activities of the State school district may be somewhat of a departure from that heretofore "commonly delegated to school districts," is not persuasive of invalidity. The function of good government cannot be fully accomplished except progressive provisions are made for varying needs as they arise.
For the reasons above indicated I am constrained to disagree with the portion of the Chief Justice's opinion under consideration, and to hold that the so-called State school district created by Act No. 331, Pub. Acts 1947 is a legally-constituted school district. Having so concluded I cannot agree that the legislature failed to appropriate to the school districts of the State for the fiscal year ending June 30, 1948, the full amount to which such districts are lawfully entitled.
I am in accord with the holding in the opinion of the Chief Justice as summarized near the close of his opinion in paragraphs designated First and Third, and that plaintiffs are not entitled to injunctive relief. Further a declaration of rights in accordance *Page 459 
with the foregoing opinion may properly be made.
A decree should be entered in this Court in accordance herewith, without costs.
BOYLES, J., concurred with NORTH, J.